UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25014-CV-COOKE
& 19-25216-CV-COOKE (CONSOLIDATED)
MAGISTRATE JUDGE REID

JIMMIE EVANS,

      Plaintiff,

v.

DONNELLA LIVINGSTON and CRAIG MCGAHEE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on *pro se* Plaintiff's Second Amended Complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 42]. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee of a governmental entity, his Second Amended Complaint must be screened before it may proceed further. *See* 28 U.S.C. § 1915A. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 5].

To briefly summarize the proceedings, this case was originally removed by the Defendants from state court. [ECF No. 1]. Plaintiff later filed an Amended Complaint. [ECF No. 21]. Defendants filed a Motion to Dismiss [ECF No. 23], which was eventually denied as moot because Plaintiff's Amended Complaint was dismissed without prejudice for failure to state a claim upon screening pursuant to 28 U.S.C. § 1915A. [ECF No. 41].

Plaintiff was given until July 31, 2020 to file another amended complaint. [*Id*.]. Plaintiff did in fact file a Second Amended Complaint, which is now before the Court for screening pursuant to 28 U.S.C. § 1915A. [ECF No. 42]. In short, in the Second Amended Complaint Plaintiff seeks to bring claims against Defendants Donella Livingston and Craig McGahee for allegedly violating his rights under the First Amendment to the U.S. Constitution in two separate incidents. [*Id*.]. In the first incident, Plaintiff alleges that the Defendants interfered with his outgoing legal mail by purposely failing to send his legal mail. [*Id*.]. In his second claim, Plaintiff alleges that the Defendants interfered with his ability to consult with his attorney with regard to ongoing criminal matters and did not allow him to have an attorney visit. [*Id*.].

Upon review, Plaintiff's Second Amended Complaint is still deficient, and fails to state a claim upon which relief can be granted for the exact same reasons as set forth in the prior Report screening Plaintiff's original Amended Complaint. Accordingly, as further discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Second Amended Complaint [ECF No. 42] be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

## II.     Discussion

A.     Standard of Review: 28 U.S.C. § 1915A Screening

Under 28 U.S.C. § 1915A(a), the Court "shall review" "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Plaintiff is a prisoner seeking redress against a governmental entity and two of its employees, thus his Amended Complaint must be reviewed before it can proceed further.

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). This standard of review is identical to the standard used by the Court to govern dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018).

To state a claim, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is required because a complaint must "give the defendant fair notice of what the [] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). In short, the court must dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Id.* at 570. Further, under 28 U.S.C. § 1915A, courts must dismiss claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

B.   Plaintiff's Factual Allegations

In the Second Amended Complaint, Plaintiff claims that Defendants Craig McGahee and Donnella Livingston, while acting under color of state law, violated his rights under the First Amendment to the U.S. Constitution when they allegedly retaliated against him for filing grievances. [ECF No. 42 at 4]. Defendants McGahee and Livingston are corporals employed at Metro West Detention Center ("MWDC"), which is administered by the Miami-Dade County Corrections and Rehabilitation Department. [*Id.* at 2-3]. In short, Plaintiff claims that while incarcerated at MWDC, the Defendants interfered with his ability to send legal mail, allegedly in retaliation for being a "writ writer" (a sometimes pejorative term used to describe a prisoner who

3

frequently files lawsuits or prison grievances challenging either conditions of confinement or their criminal convictions). [*Id*. at 5-10].

Plaintiff's allegations stem from two incidents that took place on September 12, 2019 and 13, 2019. [*Id*.]. In the first incident, he alleges that he gave legal mail to the midnight shift corporal to be mailed out in the next day's morning shift by Defendant McGahee. [*Id*. at 8]. The next morning, Plaintiff alleges that he reminded Defendant McGahee about his legal mail. [*Id*. at 8-9].

Later that day, Plaintiff asked Defendant McGahee about the status of his mail, and Defendant McGahee told Plaintiff that Defendant Livingston "took care of it because he was busy." [*Id*. at 8]. Plaintiff then asked Defendant Livingston about his mail, and she replied: "that she took care of it and she don't play with no inmates legal mail or any mail." [*Id*. at 8-9]. After waiting three weeks and still not receiving an acknowledgement of receipt of his letter from the state court, Plaintiff sent a request to the state court for an update. [*Id*.]. The state court allegedly responded that they never received anything from Plaintiff. [*Id*.].

After hearing the state court never received the documents, Plaintiff followed up again. [*Id*.]. Defendant Livingston allegedly told Plaintiff "look asshole I told you before that I don't play with mail and I did my job what you think I took your bullshit mail home with me so do what you gotta do Mr. writ writer you just gonna make it hard on your self back here and I have nothing else to say what you want a grievances (sic) now." [*Id*.].

The day after the mail incident, Plaintiff had a separate incident with Defendants McGahee and Livingston. [*Id*. at 5-7]. Plaintiff alleges that on September 13, 2019, he was scheduled to have a telephone call with his attorney in his pending state court criminal matter. [*Id*.]. Prior to the call, Plaintiff allegedly advised Defendant McGahee of the scheduled call and attempted to give

4

Defendant McGahee his "attorney verification name and number," but Defendant McGahee "refused to take it," stating "fuck [yo]u and your attorney interview Mr. writ writer." [*Id*.].

Plaintiff alleges he then tried to get the attention of Defendant Livingston, who was the acting sergeant at the time. [*Id*.]. Plaintiff was unsuccessful. [*Id*.]. However, Defendant McGahee relayed a statement from Defendant Livingston informing Plaintiff that he was a *pro se* inmate on disciplinary confinement who did not have a lawyer to call. [*Id*.]. Plaintiff told Defendant McGahee that he had several criminal and civil cases ongoing, and was represented by counsel in some of them, but Defendant McGahee did nothing. [*Id*.].

As a result of the two incidents, Plaintiff alleges that he experienced "pain, suffering, emotional distress, high levels of anxiety and depression, sleep disturbance, concentration difficulty, [and] paranoid mental emotions." [*Id*. at 6]. Plaintiff seeks preliminary and permanent injunctive relief, ordering the Defendants to cease their retaliation and threats toward him, as well as compensatory damages of $50,000. [*Id*. at 6, 9-10].

C.  Analysis of Plaintiff's Claims

### 1. Applicable Law

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In the Second Amended Complaint, Plaintiff's allegations can liberally be construed as stating that the Defendants violated his First Amendment rights by denying him access to the courts, though Plaintiff frames this as a retaliation claim.

"It is now clearly established that prisoners have a constitutional right of access to the courts." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Bounds v. Smith*, 430 U.S.

817, 821 (1977)). "In some instances that right requires States to shoulder affirmative obligations to assure that indigent prisoners have an adequate opportunity to present their claims fairly." *Id*. (citing *Bounds*, 430 U.S. at 824). "Accordingly, the Supreme Court has held that the 'right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers.'" *Id*. (quoting *Bounds*, 430 U.S. at 828).

"However, in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996)). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded … by an official's action. *Id*. (citing *Lewis*, 518 U.S. at 351; *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998)).

By way of example, "an inmate could show actual injury with proof that a court dismissed his action for failure to comply with a technical requirement unknown to the inmate due to deficiencies in the prison's assistance facilities, or that a claim could not be presented to a court because an inmate was so stymied by the law library's inadequacies that he could not prepare a complaint." *Id*. (citing *Lewis*, 518 U.S. at 351).

To show actual injury, a plaintiff "must demonstrate" that the alleged interference with legal mail "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Casey*, 518 U.S. at 355 (parenthesis in original).

### 2.     All Monetary Damages Claims Should Be Dismissed

At the outset, it is clear that monetary damages are not authorized by the PLRA in this case.

Under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Further, "punitive damages are precluded under the PLRA in the absence of physical injury." *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011).

In addition to injunctive relief, Plaintiff seeks compensatory damages in the amount of $50,000 against the Defendants for the "emotional distress" and other emotional injuries he suffered by way of the Defendants' actions against him. [ECF No. 42 at 6, 9-10]. Because Plaintiff makes no claim of physical injury, and based his claim for monetary damages solely on mental and emotional injury, all of Plaintiff's claims for monetary damages should be dismissed.

### 3. Count 1 Should Be Dismissed

Next, with regard to Claim 1 generally, Plaintiff alleges that Defendants Livingston and McGahee interfered with his legal mail and failed to mail a petition for writ of mandamus to the state court. This claim should be dismissed pursuant to 28 U.S.C. § 1915A, because it fails to state a claim upon which relief can be granted. Plaintiff was previously instructed on why this claim failed, and even though he has been given multiple chances to amend, he continues to make the same legal errors in drafting his pleadings.

As stated above and in the Undersigned's previous Report, Plaintiff must allege an actual injury, and that injury must have been caused by the Defendants. Here, Plaintiff's only alleged injury in that his petition for writ of mandamus was not received by the state court. A petition for writ of mandamus is simply a petition for an order from a court compelling some authority to do a specific act that it was already legally obligated to do. Plaintiff fails to allege how he was injured by the state court not receiving his petition when he first sent it, nor does he provide any description

of what was sought in the petition. Thus, it is impossible for the Court to even determine if this was a legal claim in a criminal appeal or civil rights action, or if this was some sort of incidental proceeding discussed in *Casey*.

Additionally, in Florida, the rules governing filings are contained in Fla. R. App. P. 9.100(e) and there is no time limit to file such a petition outlined in the rules. Plaintiff fails to demonstrate an actual injury because he could have simply sent another petition after receiving notification from the state court that his first petition was not received. The standard Plaintiff must meet is that he must show that a "nonfrivolous claim w[as] frustrated or impeded … by an official's action." *Barbour*, 471 F.3d 1225 (citations omitted). Here, as mentioned previously, Plaintiff has not only failed to demonstrate that his claim was nonfrivolous, but also that it was frustrated by an official's action when he could have simply sent another one, and alleges no facts that prove the Defendants interfered in the first place.

### 4.     Claim 2 Should Be Dismissed

In Claim 2, Plaintiff alleges Defendant McGahee did not allow him to have a telephonic meeting with his attorney in one of his criminal cases, and that when he tried to contact Defendant Livingston to inform her, he was unable to, but received word from her that he was *pro se* in his criminal case and did not have a lawyer to call. As in Claim 1, this claim can also be liberally construed to allege an access to the courts claim.

Here, Plaintiff is again unable to demonstrate an actual injury from Defendants' conduct. While Plaintiff was not allowed to have a telephonic meeting with his attorney in a single incident, Plaintiff does not have a viable access to courts argument because based on his own allegations and documents, he was not *pro se* in his criminal case and had access to the courts through his counsel.

To the extent that Plaintiff could be claiming that he was denied access to his counsel in violation of his Sixth Amendment rights, Plaintiff cannot show prejudice because he has not been convicted. Further, this Court should abstain from issues seeking to enjoin his ongoing state criminal proceeding, *see Younger v. Harris*, 401 U.S. 37, 51 (1971), and injunctive relief is the only remedy remaining, since Plaintiff's claims for monetary damages should be dismissed pursuant to *Al-Amin* and 42 U.S.C. § 1997e(e), as discussed above. Plaintiff is more than able to litigate his Sixth Amendment claim through his counsel in his underlying criminal case, and the Court should not interfere with the ongoing proceedings. Accordingly, Claim 2 should be dismissed pursuant to § 1915A, as Plaintiff fails to state a claim upon which relief can be granted.

D.  Dismissal Should Be With Prejudice

Prior to *sua sponte* dismissing a *pro se* prisoner's complaint with prejudice pursuant to 28 U.S.C. § 1915A, the *pro se* prisoner should be afforded an opportunity to amend where a more carefully drafted complaint might state a claim upon which relief could be granted. *See Jemison v. Wise*, 386 F. App'x 961 964-65 (11th Cir. 2010). However, a plaintiff is only authorized to amend his pleadings "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Here, Plaintiff has already been given two opportunities to amend his original complaint. [ECF Nos. 21, 42].

Further, Defendants have filed responsive pleadings to Plaintiff's Amended Complaint and Second Amended Complaint. [ECF Nos. 23, 43]. Thus, Plaintiff may be given leave to amend for a third time "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants clearly oppose giving Plaintiff another opportunity to amend. [ECF No. 43].

The Court should not grant Plaintiff leave to file a third amended complaint because it is not in the interest of justice, *see* Fed. R. Civ. P. 15(a)(3), and amendment would likely be futile. Defendants have already been required to expend resources removing this case from state court,

consolidating it with another case, and filing multiple motions to dismiss. To continue this case and allow Plaintiff and Defendants to engage in another iteration of the same dance serves no one, nor does it serve the Court and its limited resources.

Just as important, amendment would be futile. Plaintiff has demonstrated that he is either unwilling or unable to comply with the requirements to state a claim. It is unlikely that allowing Plaintiff to continue to attempt to cure the previously identified deficiencies will be any more fruitful than the last two attempts.

Plaintiff's first claim appears irredeemably flawed for many reasons, most notably because Plaintiff only speculates that Defendants interfered with his mail because the intended recipient claims to have not received it. These bare allegations do not serve to establish his claim.

As for Plaintiff's second claim, it appears to be barred by the *Younger* abstention doctrine and his claim for monetary damages is barred by *Al-Amin*. Thus, amendment would be futile and should be denied.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Second Amended Complaint [ECF No. 42] be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **SIGNED** this 15th day of January, 2021.

                                                  UNITED STATES MAGISTRATE JUDGE

cc:    **Jimmie Evans**
       180138414
       Metro West Detention Center
       13850 N.W. 41 Street
       Miami, FL 33178
       *PRO SE*

       **Zachary Edward Vosseler, Esq.**
       Miami-Dade County Attorney's Office
       111 N.W. 1st Street, Suite 2810
       Miami, FL 33128
       Email: zach@miamidade.gov
       *Counsel for the Defendants*